**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DANIEL L. BRABHAM**                                                                                        **PLAINTIFF**

**V.**                                                      **CASE NO. 1:05CV92**

**O'REILLY AUTOMOTIVE, INC.**                                             **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on the defendant's motion for summary judgment [69-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Daniel L. Brabham, a resident of Houston, Mississippi. The defendant is O'Reilly Automotive, Inc. ("O'Reilly"), a Missouri corporation engaged in the sale of automotive parts. Brabham was an employee of O'Reilly at one of its retail stores. According to the complaint, Brabham reached a verbal agreement with his manager, Brad Harrison, to allow Brabham to purchase auto parts for his own personal vehicle without actually paying for them or putting them on his store account and instead pay for them at some later date when he was financially able to do so. It is undisputed that Harrison lacked the authority to extend Brabham credit in this manner, assuming arguendo that such an agreement was actually formed between the two. Subsequently, O'Reilly's loss prevention personnel learned that Brabham had ordered parts and installed them on his vehicle without paying for them and investigated Brabham for embezzlement.

Eventually, O'Reilly charged Brabham with embezzlement in the Municipal Court of Columbus, Mississippi. On January 24, 2005, Brabham paid for the parts and for court costs and the case was retired to the file. Brabham apparently was under the mistaken impression that by paying restitution, he would receive a dismissal of the charges. Later, after the initiation of this litigation, Brabham had the case reopened and the charges were dismissed with prejudice. On April

7, 2005, Brabham filed this action in federal court against O'Reilly, alleging malicious prosecution and abuse of process. O'Reilly now moves for summary judgment.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

**I. MALICIOUS PROSECUTION.**

Under Mississippi law, the plaintiff in a malicious prosecution action must prove the following elements by preponderance of the evidence:

    1.    the institution of a proceeding
    2.    by, or at the insistence of the defendant
    3.    the termination of such proceedings in the plaintiff's favor
    4.    malice in instituting the proceedings
    5.    want of probable cause for the proceedings
    6.    the suffering of injury or damage as a result of the prosecution.

McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 973 (Miss. 2001). The facts clearly show that

O'Reilly initiated legal proceedings against Brabham, and so the first two elements are met. Likewise, the Court accepts for summary judgment purposes that Brabham was injured by the prosecution sufficiently to satisfy the sixth element.

Under Mississippi law, the term "malice" in the context of a malicious prosecution claim is a term of art connoting "a prosecution instituted primarily for a purpose other than that of bringing an offender to justice." McClinton, 792 So.2d at 974. Brabham asserts that O'Reilly's true motive in pressing charges against him was not to bring a wrongdoer to justice. Rather, O'Reilly's actions were intended as a "marketing message" to show other employees the company was "tough on theft." Brabham bases this argument on certain statements made by O'Reilly managers concerning employee theft, as well as O'Reilly's placement of two or more signs about the store warning employees that the company would prosecute employee theft. The Court, frankly, finds Brabham's malice argument to be somewhat lacking but is forced to agree that, assuming the other elements are met, a jury might believe that O'Reilly's true motive in having Brabham arrested was to send a warning to other employees who might consider theft. The Court finds that disputed issues of fact preclude summary judgment on this element.

The Court next turns to the remaining elements: favorable termination and probable cause.

**A.      Favorable Termination.**

The record clearly shows that Brabham was never formally acquitted of his embezzlement charges. Rather, those charges were initially retired to the file and then dismissed after he paid restitution and court costs. The parties disagree on whether dismissal of the charges under those circumstances constitutes a favorable termination, and there appears to be no Mississippi or Fifth Circuit precedent directly on point. However, the Court is persuaded by the reasoning of courts in

3

other states, all of which seem to agree that dismissal of charges pursuant to an agreement to pay restitution does not constitute a favorable termination. See generally Hilfirty v. Shipman, 91 F.3d 573, 580 (3rd Cir. 1996)("[A] prosecutor's decision to withdraw criminal charges pursuant to a compromise with the accused is not considered to be a termination sufficiently favorable to support a malicious prosecution claim."); Neshewat v. Salem, 173 F.3d 357, 361 (6th Cir. 1999)(holding that criminal defendant's agreement to pay $40,000 in restitution acts as implicit, if not express, acknowledgment of guilt comparable to plea of nolo contendere); Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998)("[W]ithdrawal of criminal charges pursuant to a compromise or agreement does not constitute favorable termination and, thus, cannot support a claim for malicious prosecution."); Bertuca v. Martinez, 2006 WL 397904 (Tex. App., San Antonio, Feb. 22, 2006)(holding that payment of restitution does not support inference of plaintiff's innocence so much as his guilt). The Court agrees with O'Reilly's position -- since the dismissal of the embezzlement claims against Brabham was secured only after he agreed to pay restitution and court costs, Brabham cannot now claim that those charges were terminated in his favor.

**B.    Probable Cause.**

As the Mississippi Supreme Court has noted, "[p]robable cause is determined from the facts apparent to the observer when the prosecution is initiated" and "requires both (1) a subjective element-an honest belief in the guilt of the person accused, and (2) an objective element-reasonable grounds for such belief." McClinton, 792 So.2d at 973. "Probable cause is determined from the facts apparent to the observer when prosecution is initiated. When the facts are undisputed, it is the function of the court to determine whether or not probable cause existed." Moon v. Condere Corp., 690 So.2d 1191, 1195 (Miss. 1997)(quoting Owens v. Kroger Co., 430 So.2d 843, 846 (Miss.

1983)).

In the case at bar, Brabham argues that O'Reilly's loss prevention personnel lacked an honest belief in his guilt, or more accurately, held reckless disregard for his actual guilt, because Barry Sabor, O'Reilly's Vice-President of Loss Prevention, said in his deposition that he didn't know whether Brabham had any intent to embezzle when Sabor directed the O'Reilly investigator to prosecute Brabham.

The undisputed facts of this case reflect (1) that Brabham did order parts and install them on his vehicle without paying for them, and (2) that while Brabham claims to have had the verbal permission of his manager, Brad Harrison, Harrison actually lacked the authority to authorize such activities. Even assuming that Harrison did give Brabham permission to install the parts without paying for them, the facts apparent to O'Reilly at the time it filed charges against Brabham demonstrated a reasonable basis for concluding that Brabham had embezzled from the company. Consequently, the objective element of the probable cause analysis falls in O'Reilly's favor.

While Brabham claims that his prosecution was actually based on a desire to make an example of him, he has no evidentiary support for this argument other than conclusory allegations. The Court finds the argument that O'Reilly would arbitrarily prosecute an innocent employee solely to send a message to the rest of its workforce to be implausible, particularly in light of the absence of any evidence other than conclusory allegations and veiled suspicions. Accordingly, the subjective element of the probable cause analysis also falls in O'Reilly's favor.

Finding that O'Reilly had probable cause to prosecute Brabham for embezzlement, the Court holds that summary judgment is GRANTED with regard to Brabham's malicious prosecution claim.

## II.     ABUSE OF PROCESS.

Under Mississippi law, the elements of abuse of process include (1) an illegal and improper perverted use of the process, which was neither warranted nor authorized by the process, and (2) ulterior motive or purpose of a person exercising such illegal, perverted, or improper use of process; and (3) resulting damage or injury. McClinton, 792 So.2d at 975. As a matter of law, a claim for perversion or misuse of process cannot arise solely from the claimant's legitimate and lawful arrest. State for Use and Benefit of Foster v. Turner, 319 So.2d 233 (Miss. 1975)(holding that assessment of fines and court costs for hunting out-of-season, confiscation of guns and positive praise for arresting officers are simply natural consequences flowing from lawful arrest and not perversion of process). See also McClinton, 792 So.2d at 975 (holding that there was no abuse of process where defendant company lawfully arrested plaintiff and "paraded [him] through the plant after his arrest" in order to deter others from criminal activity).

In the case at bar, the Court has already concluded that probable cause existed to support Brabham's arrest. Accordingly, even if his lawful arrest served as any sort of deterrent effect on his co-workers, such an effect is merely a natural consequence of O'Reilly's lawful use of process rather than any abuse of it. Accordingly, summary judgment is GRANTED with regard to Brabham's abuse of process claim.

## **CONCLUSION**

Pursuant to the foregoing analysis, it is hereby ORDERED that the defendant's motion for summary judgment is GRANTED. However, the Court will retain jurisdiction until it has ruled on the pending motion for sanctions. A separate order to that effect shall issue this day.

This is the 13th day of July, 2006.

   /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**