**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DANIEL BRABHAM**                                                                   **PLAINTIFF**

**V.**                                                                  **CASE NO. 1:05CV92**

**O'REILLY AUTOMOTIVE, INC.**                                       **DEFENDANT**

## ORDER

This cause comes before the court on the plaintiff's motion [86-1] for reconsideration of sanctions, or alternatively, opposition to the amount of requested sanctions. The court has reviewed the briefs and is prepared to rule.

After a hearing on June 28, 2006, this court issued an order dated June 29, 2006, granting the defendant's amended motion for sanctions and ordered that O'Reilly Automotive, Inc. submit its authority and evidence as to the appropriate amount of attorney's fees. The defendant submitted its fees and expenses on July 7, 2006 and requests a total of $3,261.71. The plaintiff now requests reconsideration of this court's prior order for sanctions, or in the alternative, opposes the amount of sanctions.

## ANALYSIS

The plaintiff first alleges that Rule 11 sanctions are improper because plaintiff's counsel did "all that was humanly possible" to cure the defect in the complaint within the twenty-one day safe harbor provision. The complaint alleged that a criminal charge had been dismissed with prejudice when it had actually been retired to the file. On November 28, 2005, the defendant provided plaintiff notice of the defect in the complaint, and the defendant argued that the defect

1

obviated a required element of the plaintiff's malicious prosecution claim. In a malicious prosecution claim, a key element is that the criminal proceedings must terminate in the plaintiff's favor. Retirement to file is not a favorable termination. In response to the notice, the plaintiff did not amend or withdraw the complaint but moved to have the proceedings stayed until the criminal charges pending in the municipal court of Columbus, MS were resolved. The criminal charges were not dismissed with prejudice until January 17, 2006.

The plaintiff asserts that because he moved to stay the proceedings plaintiff's counsel had done everything humanly possible to correct the error in the complaint and that sanctions cannot be imposed when one does everything possible to correct the offending pleading within the twenty-one day safe harbor period. However, the plain language of Rule 11(c)(1)(A) states that a motion for sanctions "shall be served as provided as in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." The standard of "doing everything humanly possible" does not protect an offending party from the imposition of sanctions as the language clearly states that the offending item must be withdrawn or appropriately corrected. Even though a party puts forth a sincere but failing effort to remedy a sanctionable offense, the offense, nonetheless, still exists.

Also, the record reflects that the plaintiff did not turn over the criminal file in its initial core disclosures, but instead identified the court in which the file could be located. While not commenting on the propriety or impropriety of not producing the file, this court has concern about the fact that the court listed in the core disclosures was not the court in which the criminal

matter was filed. The plaintiff listed the Lowndes County Justice Court as the court in which the criminal case was heard when the case was actually before the Columbus Municipal Court.

The plaintiff also alleges that it would be inequitable to award monetary sanctions since the defense counsel committed misconduct when it filed its original motion for sanctions before the expiration of the twenty-one day safe harbor provision. While defense counsel did initially file its motion for sanctions before the expiration of the safe harbor period, the motion was subsequently withdrawn before plaintiff's counsel filed any formal motion for sanctions against defense counsel. The motion for sanctions presently before the court was timely filed. Although the plaintiff makes the conclusory statement that it would be inequitable to impose sanctions against the plaintiff's counsel when the defense counsel has also filed an erroneous pleading, the plaintiff fails to note that, unlike the plaintiff, the counsel for the defendant did remedy its offense. The plaintiff only filed an amended complaint after this court held a hearing and granted the defendant's motion for sanctions.

The plaintiff also argues that sanctions cannot be imposed on the plaintiff's counsel for the plaintiff's failure to appear at a scheduled deposition under Rule 11 and cites Rule 11(d) for the proposition that Rule 11 does not apply to motions that are subject to the provisions of Rules 26 through 37. While this court is certain that it has discretion to exercise its inherent authority to grant sanctions on this issue, the court chooses not to exercise its discretion at this time. Therefore, the court only grants sanctions for the defendant's costs relating to the false statements in the plaintiff's complaint and the hearing on the motion for sanctions. The amount to be awarded reflects the thirteen (13) hours defense counsel spent locating the criminal file at a rate of $109.13/hour plus $153.89 in mileage for 317.3 miles driven to the courthouse in

3

Columbus, MS, and $46.55 for the 104.6 miles driven to the courthouse in Oxford, MS, to participate in the sanctions hearing. Based on the itemized budget submitted by the defendant, the court GRANTS the defendant $ 1,619.13 in sanctions.

This the 19th day of October, 2006.

      /s/ Michael P. Mills
      **UNITED STATES DISTRICT JUDGE**